NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICARDO AQUINO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 19-22062 (SRC)<br><br>OPINION |

**CHESLER, District Judge**

　　This matter comes before the Court on the appeal by Plaintiff Ricardo Aquino ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

　　In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 1, 2012. A hearing was held before ALJ Douglass Alvarado (the "ALJ") on September 25, 2018, and the ALJ issued an unfavorable decision on December 5, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of December 5, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain additional exertional limitations. At step four, the ALJ also found that Plaintiff is able to perform his past relevant work as it is generally performed in the national economy. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with four arguments: 1) at step two, the ALJ failed to include three additional impairments as severe; 2) at step four, the ALJ failed to account for Plaintiff's mental functional limitations in the residual functional capacity ("RFC") determination; 3) at step four, the ALJ improperly rejected Plaintiff's subjective complaints; and 4) at step four, the ALJ mischaracterized Plaintiff's past relevant work.

Plaintiff's arguments suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a

case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that he was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred. None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Plaintiff first challenges the ALJ's decision at step two, where the ALJ found that Plaintiff had five severe impairments. Plaintiff argues that, because the ALJ did not find that Plaintiff's depression and anxiety, as well as history of a cerebral vascular accident in 2005,[1] were severe impairments, the ALJ erred at step two under Third Circuit law. In support, Plaintiff points only to a range of 220 pages of medical records. (Pl.'s Br. 12.) Plaintiff's expectation appears to be that this Court would comb through the 220 pages and find the evidence which supports Plaintiff's case. The Third Circuit has stated:

It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in

---

[1] Plaintiff contends that the date of onset of his disability is July 1, 2012, and does not explain why an accident from seven years earlier would be relevant.

3

> the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307, 61 V.I. 715 (3d Cir. 2014) (citations omitted). Plaintiff has not taken heed of this guidance. As to the legal standard at step two, the Third Circuit has indeed held: "The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). McCrea does not, however, relieve Plaintiff of the burden of satisfying the requirements of Shinseki on appeal. Furthermore, as the Commissioner contends, since the ALJ found five severe impairments, any error from not finding two or three more can only be harmless.

Furthermore, at step two, in explaining the decision finding that Plaintiff's depression and anxiety, as well as history of cerebral vascular accident in 2005, were not severe impairments, the ALJ assessed Plaintiff in regard to the four areas of mental functioning known as the "paragraph B" criteria. The ALJ considered the evidence of record as to the paragraph B criteria and found only mild limitations in all four areas. (Tr. 18.) The ALJ offered detailed explanations of the basis for determining that Plaintiff had mild limitations as to the four areas. Plaintiff's appeal brief, however, did not challenge any of the specifics of the ALJ's reasoning, nor did it muster the evidence to demonstrate that the evidence supports finding any greater level of limitation. Instead, Plaintiff directed this Court to read through 220 pages of records. This is relevant to Plaintiff's next argument.

Plaintiff next argues that, at step four, the ALJ failed to account for Plaintiff's mental functional limitations in the RFC determination. Plaintiff argues that the "medical evidence of

4

record as well as the Plaintiff's compelling testimony indicate a moderate or greater limitation" in the four areas of mental functioning just discussed.   This Court finds that this argument must fail in view of the failure of Plaintiff's argument at step two.   That issue was just raised, considered, and determined: Plaintiff raised the issue of the severity of Plaintiff's mental health difficulties and failed to make his case.   Nor, in any case, did Plaintiff make his case here, either, relying only on conclusory assertions without evidentiary support.   Plaintiff has failed to demonstrate that any mental functional limitations were omitted from the RFC determination.

Plaintiff also challenges the RFC determination by pointing out a few pieces of medical evidence and stating: "It is difficult to understand how the claimant would be capable of a full range of light work given this objective medical evidence."   (Pl.'s Br. 13-14.)   The ALJ explained the basis for his RFC determination in detail.   Plaintiff's unarticulated incredulity does not constitute a judicially cognizable challenge to it.

Plaintiff's challenge to the ALJ's discussion of his subjective reports of pain meets a similar fate.   Although Plaintiff argues in general terms that the ALJ did not explain sufficiently why he concluded that the subjective reports were inconsistent with the other evidence of record, Plaintiff makes no effort to address the ALJ's detailed explanation.   Plaintiff merely asserts that the explanation was insufficient, but articulates no basis for this Court to be persuaded that Plaintiff is correct.   Shinseki gives Plaintiff the burden of proving both that the ALJ erred and that he was harmed by the error, and Plaintiff has offered little but conclusory assertions to carry these burdens.

Last, Plaintiff argues that, at step four, the ALJ mischaracterized Plaintiff's past relevant work in determining that he could perform his past relevant work.   As the Commissioner

5

observes, Plaintiff has misunderstood the ALJ's decision.  As the decision explains, the ALJ based the determination not on Plaintiff's past work as Plaintiff actually performed it, but, instead, on how it is generally performed in the national economy.  (Tr. 23.)  In support, the Commissioner cites SSR 82-61, titled, "PAST RELEVANT WORK -- THE PARTICULAR JOB OR THE OCCUPATION AS GENERALLY PERFORMED."  SSR 82-61 provides that the ALJ may consider the claimant's past relevant work either as the claimant actually performed it, or as the job is usually performed in the national economy.  This determination occurred at step four, and Plaintiff still bore the burden of proof of disability.  Plaintiff has made no demonstration that his residual functional capacity precludes the performance of his past relevant work as the job is usually performed in the national economy.

      Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that Plaintiff was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                    s/ Stanley R. Chesler
                                                           STANLEY R. CHESLER, U.S.D.J.

Dated: December 31, 2020